```
          UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

JOSE I. MACIA,                    :
                                  :
            Petitioner            :
                                  :    CIVIL NO. 1:CV-05-2046
      vs.                         :
                                  :    (Judge Caldwell)
TROY WILLIAMSON, WARDEN           :
                                  :
            Respondent.           :
```

M E M O R A N D U M

I.   Introduction.

On October 17, 2005, Jose I. Macia, a federal prisonser housed at FCI-Allenwood, initiated this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). His petition concerns a June 2004 disciplinary report he received after escaping from an open institution. Macia challenges the appropriateness of a Disciplinary Hearing Officer's actions of questioning him and ultimately proceeding with his disciplinary hearing knowing Macia was also subject to criminal prosecution for the escape. (Id.) Presently pending before the Court is Macia's one page motion for appointment of counsel. (Doc. 3). Macia's motion is based on his indigent status and the claim that he does not "have the experience or a legal education to adequately represent

[himself]" in this matter.  (Id.)  For the reasons that follow, the motion will be denied.

II.    Discussion.

There is no automatic constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings.  See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. See Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B).  Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2).  Other factors a court must consider when making a decision regarding the appointment of counsel to represent a pro se prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. Reese v. Fulcomer, 946 F.2d 247, 264-265 (3d Cir. 1991).

In this case, appointment of counsel is not warranted at this time.  Macia's petition for writ of habeas corpus was

-2-

just recently served on Respondent.  No response to the Petition has been filed yet.  More importantly, Macia himself does not present any basis for the appointment of counsel.  See Doc. 3. Macia's motion for counsel simply requests counsel because he is indigent and does not have legal training.  However, given the requisite liberal construction afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Macia's apparent ability to present an extensive well drafted petition, the appointment of counsel at this time is not warranted. Petitioner's motion for appointment of counsel will therefore be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Petitioner.

      We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 25, 2005

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE I. MACIA,                          :
                                        :
            Petitioner                  :
                                        :   CIVIL NO. 1:CV-05-2046
       vs.                              :
                                        :   (Judge Caldwell)
TROY WILLIAMSON, WARDEN                 :
                                        :
            Respondent.                 :

O R D E R

AND NOW, this 25th day of October, 2005, for the reasons set forth in the foregoing memorandum, it is ordered that Macia's Motion for Appointment of Counsel (Doc. 3) is denied without prejudice.

/s/William W. Caldwell
William W. Caldwell
United States District Judge